UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFRIN DANEXIS RODRIGUEZ TREJO,<br><br>Defendant. | Case No. CR22-0029-RSL<br><br>ORDER DENYING MOTION TO REVOKE DETENTION ORDER |

This matter comes before the Court on defendant Jefrin Danexis Rodriguez Trejo's "Motion to Revoke Detention Order" (Dkt. # 18). Having reviewed the parties' submissions and the remainder of the record, including the recording of the detention hearing conducted on February 15, 2022 before the Honorable Michelle L. Peterson, U.S. Magistrate Judge, the Court finds as follows:

Defendant is charged with possession of fentanyl with intent to distribute pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. See Dkt. # 15. On February 16, 2022, Judge Peterson ordered defendant detained pending trial. See Dkt. # 12. Defendant moves the Court to revoke Judge Peterson's detention order and release him pending trial on an appearance bond with conditions recommended by U.S. Probation and Pretrial Services.

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). This Court has original jurisdiction over the offense and reviews the magistrate judge's detention order *de novo*. United States v. Koenig, 912 F.2d 1190, 1192-

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER - 1

93 (9th Cir. 1990).  Accordingly, the Court reviews the evidence that was before the magistrate judge and any additional evidence proffered by the parties to "make its own independent determination whether the magistrate's findings are correct with no deference." Id. at 1193.

Defendant may be detained before trial only if "no condition or combination of conditions will reasonably assure the [defendant's] appearance . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  The government bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure defendant's appearance and by clear and convincing evidence that no conditions will reasonably assure the safety of the community.  United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

When analyzing whether conditions will reasonably assure defendant's appearance and the safety of the community, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of defendant, and (4) the danger to the community that defendant would pose if released.  18 U.S.C. § 3142(g).  Of these factors, the weight of the evidence is the least important, and the statute does not permit a pretrial determination of guilt.  United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).

If the Court finds probable cause to believe that defendant committed a drug offense with a maximum term of imprisonment of at least ten years, there is a rebuttable presumption that defendant should be detained.  See 18 U.S.C. § 3142(e)(3)(A).  Once defendant produces some evidence to rebut this presumption, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'"  United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986)).

The indictment charges defendant with a drug offense with a maximum term of imprisonment of at least ten years.  See Dkt. # 15; see also 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Defendant does not dispute that the presumption of detention applies, but rather argues that he successfully rebutted this presumption.  The Court agrees that defendant has presented some

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER - 2

evidence to rebut the presumption. However, the Court still weighs the presumption along with the § 3142(g) factors to determine if defendant should be released.

Having conducted a *de novo* review, the Court concludes that detention is appropriate based on the totality of factors presented in this case.

First, the Court concludes that the government has shown by a preponderance of the evidence that no set of conditions will reasonably assure defendant's appearance. See 18 U.S.C. § 3142(e)(1). The Court agrees with Judge Peterson that defendant poses a risk of nonappearance due to his possession of a foreign passport and ties to a foreign country. The Court is unpersuaded that defendant's pending immigration application motivates him to remain in the United States, given that a conviction in this matter would render him deportable. See 8 U.S.C. § 1227(a)(2)(B)(1). That his passport is in the possession of the government is not a full bar to flight. The evidence against defendant is strong enough for him to believe there is a reasonable chance of conviction, and his local ties are not sufficient to overcome the strong incentives to flee.

Second, the Court concludes that the government has shown by clear and convincing evidence that no conditions will reasonably assure the safety of the community. See 18 U.S.C. § 3142(e)(1). The Court agrees with Judge Peterson that defendant poses a risk of danger due to the nature of the instant offense. Defendant allegedly attempted to sell approximately 63,000 pills containing fentanyl to an undercover agent. Fentanyl is a dangerous drug, and these accusations reflect a serious disregard for the safety of others.

For all of the foregoing reasons, the Court DENIES defendant's Motion to Revoke Detention Order (Dkt. # 18).

IT IS SO ORDERED.

DATED this 18th day of March, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO REVOKE
DETENTION ORDER - 3